# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE

Joe Black III
    Plaintiff,

v.

Affirm, Inc.,
    Defendant.

Case No.:

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, JOE BLACK III and his Complaint pleads as follows:

### JURISDICTION

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

### VENUE

3. The transactions and occurrences which give rise to this action occurred in Shelby County, Tennessee.

4. Venue is proper in the Western District of Tennessee.

## PARTIES

5. Plaintiff is a natural person residing in Shelby County, Tennessee, and is a "consumer" for purposes of the FCRA.

6. The Defendant to this lawsuit is:
7.
   a. Affirm, Inc. ("Affirm") is a domestic corporation that conducts business in the State of Massachusetts.

## GENERAL ALLEGATIONS

8. Affirm is reporting an inaccurate tradeline ("Inaccurate Tradeline") in Plaintifrs credit file.

9. The account reflected by the Inaccurate Tradeline is reporting a collection/charge off which is illegal according to the Fair Credit Reporting Act.

10. On June 22, 2022, Plaintiff obtained his credit disclosure and noticed the Inaccurate Ttadeline reporting.

11. On or about August 30, 2022, Plaintiff sent a letter to the credit reporting agencies disputing the Inaccurate Tradeline.

2

12. In his dispute letter, Plaintiff explained that the account reflected by the Inaccurate Tradeline is not reporting correctly and requested the inaccurate Tradeline to be deleted.

13. The credit reporting agencies forwarded Plaintiff's dispute to Affinn.

14. Affirm received Plaintiff's dispute from the credit reporting agencies.

15. On or about October 20, 2022, Plaintiff obtained his credit disclosure, which showed that the credit reporting agencies and Affinn failed or refused to delete the Inaccurate Tradeline.

16. The Inaccurate Tradeline is false and misleading. It is also driving Plaintiff's credit score down and making it harder for him to obtain jobs, housing, and meet living expenses.

17. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress, shock, anxiety, anger, frustration and other forms of emotional distress. Additionally, Plaintiff has suffered physical harm, including loss of sleep, headaches, restlessness, and stomach problems due to Defendants' failure to delete the Inaccurate Tradeline and his inability to improve his financial situation by obtaining

new or more favorable credit terms as a result of Defendants' violations of the FCRA.

## COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AFFIRM, INC.

18. Plaintiff realleges the above paragraphs One through Sixteen as if recited verbatim.

19. After being informed by the credit reporting agencies of Plaintiffs dispute of the Inaccurate Tradeline, Affirm negligently failed to conduct a proper investigation of Plaintiffs dispute as required by 15 U.S.C. § 1681s-2(b).

20. Affirm negligently failed to review all relevant information available to it and provided by the credit reporting agencies in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct the credit reporting agencies to delete the Inaccurate Tradeline.

21. The Inaccurate Tradeline is not reporting correctly and creates a misleading impression in Plaintiffs credit file with credit reporting agencies, to which it is reporting such tradeline.

22. As a direct and proximate cause of Affirm's negligent failure to perform its duties under the FCRA, Plaintiff has suffered the harms described above.

23. Affirm is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 16810.

24. Plaintiff has a private right of action to assert claims against Affirm

WHEREFORE, PLAINTIFF PRAYS that this Honorable Court grants him a judgment against Affirm for damages, costs, interest, and attorneys' fees.

### COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AFFIRM, INC.

25. Plaintiff re-alleges the above paragraphs One through Sixteen by reference as if recited verbatim.

26. After being informed by the credit reporting agencies that Plaintiff disputed the accuracy of the information it was providing, Affirm willfully failed to conduct a proper reinvestigation of Plaintiffs dispute and willfully failed to direct the credit reporting agencies to delete the Inaccurate Tradeline.

27. Affirm willfully failed to review all relevant information available to it and provided by the credit reporting agencies as required by 15 U.S.C. § 1681s-2(b).

28. As a direct and proximate cause of Affirms willful failure to perform its duties under the FCRA, Plaintiff has suffered the harms described above.

29. Affirm is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of Affirms violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as reasonable attorneys' fees and costs she may recover therefore pursuant to 15 U.S.C. § 1681n.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Dated: 2/19/24

Respectfully submitted,

By: /s/ Joe Black III
875 POPLAR AVE SUITE 23 PMB 188
COLLIERVILLE, TN 38017
Telephone: (901) 472-7712
Email: sirjoeblack007@gmail.com